IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN

| | |
|---|---|
| BILAL WASHINGTON, | ) |
| Plaintiff, | ) 3:16-CV-00259-KRG |
| vs. | ) |
| HAROLD D. HOFFMANN, CO1, D.O.C. STAFF; | ) |
| Defendant, | ) |

**REPORT AND RECOMMENDATION**

Cynthia Reed Eddy, United States Magistrate Judge.

## I. RECOMMENDATION

Presently before the court is Defendant Harold Hoffman's ("Defendant") motion to dismiss [ECF No. 20] Plaintiff Bilal Washington's ("Plaintiff") complaint. The motion is fully briefed and ripe for disposition. For the reasons that follow, it is respectfully recommended that Defendant's motion to dismiss be granted and Plaintiff's complaint be dismissed with prejudice, as amendment would be futile.

## II. REPORT

a. Background

Plaintiff is a state prisoner currently incarcerated at the State Correctional Institution ("SCI") at Somerset. Plaintiff names Harold Hoffman, a Department of Corrections correctional officer as a defendant. Plaintiff, proceeding *in forma pauperis* filed his complaint, *pro se*, on December 12, 2016. Defendant filed a motion to dismiss and brief in support thereof on March 13, 2017, and Plaintiff filed a response on March 24, 2017. [ECF Nos. 20, 21, 24].

According to the complaint, on September 24, 2016, between 6:15 a.m. and 6:40 a.m.,

1

Defendant walked past Plaintiff's cell and yelled out "hold it" to which plaintiff "paid no attention to." Compl. [ECF No. 3] at p. 2. Later, Defendant stated to Plaintiff "I don't want to see your dick every morning." *Id*. Plaintiff alleges that "[t]he statement made by [Defendant] clearly made me aware of his attention to my penis, which is sexual harrassment[sic] due to the fact that it is natural to urine[sic] when you wake up. His suggestion is also harrassment[sic]." *Id*. Plaintiff further alleges that he was subjected to sexual harassment by Defendant when he yelled "eat a dick" and "faget"[sic] to Plaintiff. Plaintiff alleges that Defendant does so because "he has nothing better to do[] but[] repeat his lo[u]d vulgar[,] disrespectful statement attacking [Plaintiff's] heterosexual character/manhood." *Id*. Plaintiff also alleges that he was denied access to grievance forms because he "had to get a grievance form from [an]other inmate[.]" *Id*. Plaintiff alleges that Defendant's behavior has "put [his] life in danger" and has threatened his chances at being discharged from prison. *Id*. at p. 3.

    b. Standard of Review

        i. *Pro Se Litigants*

*Pro se* pleadings are held to a less stringent standard than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). As such, a *pro se* complaint pursuant to 42 U.S.C. § 1983 must be construed liberally, *Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002), so "as to do substantial justice." *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (citations omitted). In other words, if the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or the litigant's unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley*, 141 F.2d 552, 555 (3d Cir.1969)

(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See e.g., Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

*ii. Motion to Dismiss Pursuant to Rule 12(b)(6)*

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well settled. Under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). Nevertheless, the court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Great Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000), or the plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the court's role is limited to determining whether

a plaintiff is entitled to offer evidence in support of his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The court does not consider whether a plaintiff will ultimately prevail. *See id*. A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

    c. <u>Discussion</u>

While Plaintiff's complaint does not specifically set forth the causes of action in his complaint, due to the leniency afforded to *pro se* individuals, the court will construe Plaintiff's complaint as asserting a claiming his constitutional rights were violated by Defendant's vulgar statements, that he was sexually harassed and denied access to the grievance process. Each claim will be addressed separately.

In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege (1) that the conduct complained of was committed by a person acting under color or state law; and (2) that the conduct deprived the plaintiff of rights, privileges or immunities secured by the constitution of laws of the United States. *Luger v. Edmundson Oil Co., Inc.*, 457 U.S. 922, 930 (1982). "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The PLRA provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of a physical injury or the commission or a sexual act." 42 U.S.C. § 1997e(e).

    i. *Vulgar Statements and Harassment*[1]

---

[1] This court has previously denied another claim of verbal threats and sexual harassment levied by Plaintiff against DOC staff. *See Washington v. Lucus*, 2017 WL 1169765 (W.D.Pa., March 1, 2017) (report and recommendation); *Washington v. Lucus*, 2017 WL 1169729 (W.D.Pa. March 28, 2017) (memorandum opinion adopting report and recommendation).

4

Plaintiff alleges that Defendant made numerous vulgar statements to him including: "I don't want to see your dick every morning" while Plaintiff was urinating; "eat a dick"; and "faget[sic]." Assuming these claims are true, it is well-settled that the use of words, no matter how violent, is not actionable under 42 U.S.C. § 1983. *Hawkins v. Brooks*, 694 F.Supp. 2d 434 (W.D. Pa. 2010). *See also, Lewis v. Wetzel*, 153 F.Supp.2d 678 (M.D. Pa. 2015); *Wright v. O'Hara*, 2004 WL 1793018 at *7 (E.D. Pa. Aug. 11, 2004) ("[w]here plaintiff has not been physically assaulted, defendant's words and gestures alone are not of constitutional merit") (citations omitted); *MacLean v. Secor*, 876 F.Supp. 695, 698–99 (E.D. Pa.1995) ("[i]t is well-established that verbal harassment or threats will not, without some reinforcing act accompanying them, state a constitutional claim"); *Murray v. Woodburn*, 809 F.Supp. 383, 384 (E.D. Pa. 1993) ("Mean harassment is insufficient to state a constitutional deprivation) (listing cases). Accordingly, it is respectfully recommended that Defendant's motion to dismiss Plaintiff's claims of vulgar statements and harassment be granted.

### ii. Sexual Harassment

To the extent that Plaintiff claims that Defendant's statement of "I don't want to see your dick every morning" as Plaintiff was urinating constitutes sexual harassment, this claim also fails.

The United States Court of Appeals for the Third Circuit has not specifically addressed the circumstances under which a correctional officer can be held liable for the sexual harassment of an inmate; however, other circuits have addressed this issue. "To prevail on a constitutional claim of sexual harassment, an inmate must . . . prove, as an objective matter that the alleged abuse or harassment caused 'pain' and, as a subjective matter, that the officer in question acted with a sufficiently culpable state of mind." *Freitas v. Vault*, 109 F.3d 1335, 1338 (8th Cir. 1997). Although sexual abuse of a prisoner by a correctional officer serves no legitimate penological purpose, Courts of Appeals have held that sexual harassment in the absence of contact or touching

does not establish an Eighth Amendment violation. *See, e.g., Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000). Verbal harassment, including lewd comments, sexual propositioning, and the like, is not sufficient to satisfy the objective element of an Eighth Amendment sexual harassment claim. *Manon v. Garrison*, 2012 WL 3542328 (M.D. Pa. Aug. 15, 2012). Rather, physical sexual assault or threats of physical assault is required for the objective element to be met. *Chambliss v. Jones*, 2015 WL 328064 (M.D. Pa. Jan. 26, 2015). Other courts in this circuit have indicated that an inmate can only state an Eighth Amendment claim against a correctional officer for sexual harassment by alleging severe or repetitive sexual abuse. *See*, *e.g*., *Miller v. Coning*, 2011 WL 2708649 (D. Del. Jan. 12, 2011); *Harris v. Zappan*, 1999 WL 360203 (E.D. Pa. May 28, 1999). Under this standard, "a single isolated incident of sexual harassment that is not in and of itself severe" cannot support a cognizable Eighth Amendment claim. *Robinson v. Danberg*, 729 F.Supp.2d 666 (D. Del. 2010) ((citing *Boddie v. Schneider*, 105 F.3d 857 (2d Cir. 1997) (bumping and pressing whole body against inmate not sufficiently serious to satisfy objective component) and *Berryhill v. Schriro*, 137 F.3d 1073 (8th Cir. 1998) (grabbing buttocks not sufficiently serious to satisfy objective component)); *Baylor v. Pennsylvania Department of* Corrections, 2013 WL 5177573 (M.D. Pa. Sept. 13, 2013) ((citing *Jackson v. Madery*, 158 Fed. Appx. 656, 661-62 (6th Cir. 2005) (allegation of rubbing and grabbing of buttocks in degrading manner not sufficiently serious) and *Morales v. Mackalm*, 278 F.3d 126, 132 (2d Cir. 2002) (asking inmate to have sex and masturbating in front of inmate not sufficiently serious)); *Jones v. Culinary Manager II*, 30 F. Supp.2d 491, 497 (E.D. Pa. 1998) (grinding on buttocks with penis while threatening to have sex with inmate not sufficiently serious).

In addition, the PLRA itself provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury

suffered while in custody without showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 USC § 1997e(e). A "sexual act" is defined as:

> (A) contact between the penis and vulva or the penis and the anus, for the purposes of this subparagraph contact involving the penis occurs upon penetration, however slight;
> (B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;
> (C) the penetration, however slight, of the anal or genital opening of another by the hand or finger or by any person; or
> (D) the intentional touching, not through the clothing of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any other person.

It is clear from the above-cited authority that Defendant's singular statement of "I don't want to see your dick every morning" as Plaintiff was urinating does not constitute sexual harassment under the Eighth Amendment. Accordingly, it is respectfully recommended that Defendant's motion to dismiss Plaintiff's claims of sexual harassment be granted.

### iii. Denial of Access to the Grievance Process

Plaintiff claims that he was denied access to the grievance process, as he was denied a grievance form and had to obtain a grievance form from another inmate. However, the "obstruction of prison grievance procedures does not give rise to an independent [constitutional] claim. Prisoners do not have a constitutional right to prison grievance procedures." *Heleva v. Kramer*, 214 Fed.Appx. 244, 247 (3d Cir. 2007) (citing *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir.2001) (collecting cases)). Thus, any alleged obstruction of the prison grievance procedure is not an independently available action. Accordingly, it is respectfully recommended that Defendant's motion to dismiss as to Plaintiff's claim that he was denied access to the grievance process be granted.

### d. Conclusion

Accordingly, it is respectfully recommended that Defendant's motion to dismiss be granted

7

and Plaintiff's complaint be dismissed with prejudice, as amendment would be futile. *Alston v. Parker,* 363 F.3d 229, 235 (3d Cir. 2004).

Any party is permitted to file Objections to this Report and Recommendation to the assigned United States District Judge. In accordance with 28 U.S.C. § 636(b), Fed.R.Civ.P. 6(d) and 72(b)(2), and LCvR 72.D.2, Plaintiff, because he is a non-electronically registered party, may file objections to this Report and Recommendation by **October 12, 2017** and Defendants, because they are electronically registered parties, may file objections by **October 10, 2017**. The parties are cautioned that failure to file Objections within this timeframe "will waive the right to appeal." *Brightwell v. Lehman,* 637 F.3d 187, 193 n. 7 (3d Cir. 2011).

Dated: September 25, 2017

Respectfully submitted,
s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: Honorable Kim R. Gibson
United States District Judge
*via electronic filing*

BILAL WASHINGTON
DN-6273
SCI Somerset
1600 Walters Mill Road
Somerset, PA 15510

Counsel of record *via CM/ECF electronic filing*